# IN THE COURT OF APPEALS OF IOWA

No. 22-0728
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM R. WILLIAMS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, John J. Sullivan, Judge.

A defendant appeals his prison sentence as an abuse of discretion. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau (until withdrawal) and Nan Jennisch, Assistant Appellate Defenders, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**TABOR, Presiding Judge.**

Adam Williams appeals his sentences for six offenses, including two crimes of domestic violence. He argues the district court abused its discretion in imposing incarceration rather than probation. Because the record reveals no abuse of discretion, we affirm.

Williams pleaded guilty to crimes in four different criminal cases. He admitted committing two counts of domestic abuse assault by impeding normal breathing or circulation, one an aggravated misdemeanor and one a class "D" felony; two counts of tampering with a witness, both aggravated misdemeanors; failure to affix a drug tax stamp, a class "D" felony; and possession of a controlled substance (methamphetamine), a serious misdemeanor. Williams perpetrated the assaults against his wife and the witness tampering against his minor stepson. To be brief, Williams strangled and beat his wife and threatened his stepson, who witnessed the assaults and notified police. Police also found Williams in possession of methamphetamine and various drug paraphernalia.

The plea agreements left the parties free to recommend any sentence authorized by statute. The presentence investigation report (PSI) recommended probation, a domestic-abuse program, and substance-abuse treatment. The State recommended an indeterminate seven-year term of incarceration:

> Given the number of violent offenses, the ongoing nature and the pattern of behavior, the State does not feel that there is any other recommendation other than a prison term to make sure that defendant understands this behavior is not acceptable, any of it. And a probationary term where you can continue living your life, you just have to meet with a probation officer, in the State's eyes is not appropriate. Not for the level of offenses that occurred and not for the seriousness of the offenses that occurred.

Williams advocated for probation.

The court imposed five years of incarceration on the two felony counts; one year on the drug possession conviction; and two years each on the remaining convictions. The court ran the sentences concurrently. Williams appeals.[1]

We review for correction of errors at law. *State v. Davis*, 971 N.W.2d 546, 553 (Iowa 2022). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* (citation omitted). An abuse of discretion means the sentence is based on grounds that are clearly untenable or unreasonable. *State v. Willbourn*, 974 N.W.2d 58, 65 (Iowa 2022).

Because Williams's sentence falls within the statutory parameters, we presume its validity and would only reverse for an abuse of discretion or reliance on inappropriate factors. *See State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). "[Judicial decisions] deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

In alleging an abuse of discretion, Williams points out the sentence does not match the PSI recommendation. He also argues his lack of criminal history, his gainful employment, and status as the "sole financial support for his family" support probation. But he identifies no improper factors considered by the court.

---

[1] The parties agree that Williams has good cause to challenge his sentence. *See* Iowa Code § 814.6(1)(a)(3) (2022); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

We find no abuse of discretion. Sentencing recommendations in the PSI are "not binding on the court." *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). The court listed the information that it considered:

> Sir, I have reviewed the presentence investigations in these matters, I reviewed the trial information and the minutes of evidence and went through your cases. I considered the arguments of the state and of your attorney. Having considered those matters, sir, this is the judgment and sentence of the court.

The court then announced the sentences and explained:

> The court again has reviewed these matters and finds that . . . while it is correct that you do not have a prior history, the history here over those several years is very troubling. How you have not only once but twice strangled your wife basically, doing it in front of your children, having controlled substances in your home, you put your children on a—on a path that if they are not careful, they are going to follow your path, and it is not a good path. Based on your lack of criminal history though, the only mitigating factor, is I will run all of these matters concurrent for a concurrent five-year prison term.
> . . . .
> And in pronouncing judgment and sentence the court considered the factors set out in [section] 907.5. Based upon the nature of the offense, the age of the defendant, prior record, employment, family circumstances, sentencing goals and objectives, I believe the sentence provides the maximum opportunity for rehabilitation of the defendant and provides the maximum protection for the community from further offenses by the defendant and others.

It wasn't that the court ignored the PSI report. Instead, it disagreed with its bottom line. The court found Williams's recent offenses egregious enough to impose incarceration. But the court viewed Williams's lack of criminal history as a mitigating factor justifying concurrent rather than consecutive sentences. And the

court ordered the domestic-abuse and substance-abuse programming that Williams agrees he needs.[2]  The court's reasoning was sound, so we affirm.

**AFFIRMED.**

---

[2] The court noted it would entertain a motion to reconsider the sentence upon Williams's completion of the domestic-abuse program.